IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
(SOUTHERN DIVISION)

| | |
|---|---|
| SIOUX FALLS PIZZA COMPANY, INC., a South Dakota Corporation, f/k/a PINNACLE PIZZA, INC., a South Dakota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LITTLE CAESAR ENTERPRISES, INC., a Michigan corporation,<br><br>Defendant. | Civ. 11-4047<br><br>AMENDED COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW the above named Plaintiff, Sioux Falls Pizza Company, Inc., f/k/a Plaintiff Pizza ("Plaintiff") and for its cause of action against the Defendant, states and alleges as follows:

1. Plaintiff is a sub-S corporation organized under South Dakota law and having its principal place of business in Minnehaha County, Sioux Falls, South Dakota.

2. Little Caesar Enterprises, Inc. ("LCE") is a Michigan corporation and the franchisor of the Little Caesar Pizza franchise.

3. The citizenship of Plaintiff is entirely diverse from the citizenship of LCE and the matter in controversy herein exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over the parties and subject matter of this action as provided by 28 USC § 1332. The Court additionally maintains jurisdiction over LCE through an addendum to the terms of a franchise agreement between Plaintiff and LCE that provides "[A]ny provision which designates jurisdiction or venue or requires the Franchise Owner to agree to jurisdiction or venue in a forum outside of South Dakota is void with respect to any cause of

action which is otherwise enforceable in South Dakota."

5. On or about June 1, 1991, Plaintiff executed franchise agreements for three Little Caesar pizza stores located in the Sioux Falls market. Plaintiff continues to operate the stores under the 1991 franchise agreements. The term of the 1991 agreements are set to expire on May 31, 2011, and this Complaint is brought to clarify the rights of the parties under the franchise agreements.

6. Plaintiff initiated litigation against LCE in 2004 relating to a dispute over ownership of advertising and a derivative trademark. The case was venued in the Southern District of South Dakota and captioned as *Pinnacle Pizza Company, Inc. v. Little Caesar Enterprises, Inc., et. al.*, Civ. 04-4170 (the litigation).

7. LCE asserted a counterclaim in the litigation asserting, among other things, that Plaintiff breached the covenant not to sue provisions of the franchise agreements by claiming ownership of a trademark registered to LC Trademarks, an entity related to LCE.

8. LCE requested relief in the form of money damages to address the breach of the covenant not to sue. It pursued no other remedies.

9. The District Court granted judgment for LCE on its counterclaim and awarded LCE one dollar in nominal damages to address the claimed breach. LCE did not appeal the District Court's decision.

10. On July 28, 2010, LCE notified Plaintiff in writing that it would not be renewing the franchises during the 2011 renewal period. A true and correct copy of the letter is attached hereto as Exhibit 1.

11. According to the non-renewal letter, LCE claims that Plaintiff substantially defaulted in the performance of the franchise agreement terms, as a result of the claimed violation of the covenant not to sue.

12. On or about November 2010, Plaintiff presented LCE with a letter of intent to sell its three stores to the Rapid City, South Dakota, Little Caesar franchisee. The Rapid City franchisee is in good standing, and remains prepared to purchase Plaintiff's franchises, subject to LCE renewing the franchises for an additional 10 years.

13. The relevant terms of the franchise agreement dealing with renewal and transfer are as follows:

> XVI. DURATION:
>
> Unless sooner terminated as herein provided, this Agreement shall expire 20 years from the date Franchise Owner opens the Restaurant for business . . . Franchise Owner may, at its option, renew this Agreement for a term equal to the initial term provided in LITTLE CAESAR's then current form Franchise Agreement being executed by new Franchisees for this type Restaurant on the renewal date, provided that prior to the expiration of the initial term:
>
> \*\*\*\*\*
>
> C. Franchise owner is not in default, and <u>has never been in substantial default</u> of any provision of this Agreement, or any amendment hereof or successor hereto, and Franchise Owner is not in arrears with respect to any indebtedness incurred in connection with its business; and (emphasis applied)
>
> XVIII. TRANSFERABILITY OF INTEREST:
>
> \*\*\*\*\*
>
> C. . . . if LITTLE CAESAR does not exercise its option, Franchise Owner may, within 60 days from the expiration of the option period, sell, assign and transfer its business, franchise, Licensed Rights and interest to said third party, provided LITTLE CAESAR has consented to such transfer as required by this section XVIII. . . .

3

> F. LITTLE CAESAR agrees not to unreasonably withhold its consent to a sale, assignment or transfer by Franchise Owner hereunder. Consent to such transfer may be refused unless: . . .
>
> 3. Franchise Owner is not in default under this Agreement.

XIX. TERMINATION:

> C. Upon termination or expiration of this Agreement, Franchise Owner shall immediately cease to be a licensee of LITTLE CAESAR, and:
>
> 3. LITTLE CAESAR shall have an exclusive option to purchase from Franchise Owner all or any part of the physical assets of the franchise including equipment, leasehold improvements, furnishings, supplies, and other items used in the operation of the Restaurant, at a price equal to the fair market value of said physical assets assuming a use in a fast food pizza business similar to the business conducted at the Restaurant, prior to the termination or expiration of this Agreement. <u>The Franchise Owner shall not, however, be required to resell to LITTLE CAESAR items that are not uniquely identified with LITTLE CAESAR</u> (emphasis applied)

A true and correct copy of the franchise agreement between Plaintiff and LCE is attached hereto as Exhibit 2.

14. On September 19, 2001, Little Caesar announced the terms of a class action settlement in the case of *Hotchkiss v. Little Caesar Enterprises, Inc.* The notice is attached hereto as Exhibit 3. The terms of the *Hotchkiss* settlement amended portions of the franchise agreement, including the following amendment found in Section IV(B)(1)(n):

> (c) eliminate requirement that a franchisee must never have been in default of the franchise agreement, any other agreement, or the Little Caesar Manuals, in order to obtain a ten year renewal of the franchise agreement.

15. In addition to the relative rights of the parties in regard to renewal, transfer and termination Article XVII of the Franchise Agreement provides that Plaintiff and its principals are subject to a two-year noncompete. However, this two-year noncompete is subject to the Addendum to the agreements stating the following:

XVII. COVENANTS

Covenants not to compete upon termination or expiration are generally unenforceable in the State of South Dakota.

XXIV. APPLICABLE LAW, VENUE & JURISDICTION

A. The law regarding franchise registration, employment, covenants not to compete, and other matters of local concern will be governed by the laws of the State of south Dakota; but as to contractual and all other matters, this agreement and all provisions of this instrument will be and remain subject to the application, construction, enforcement and interpretation under the governing law of Michigan.

B. Any provision which designates jurisdiction or venue or requires the Franchise Owner to agree to jurisdiction or venue in a forum outside of South Dakota is void with respect to any cause of action which is otherwise enforceable in South Dakota.

16. LCE's right to purchase Plaintiff's assets that are unique to the Little Caesar system does not include goodwill as Article XIX of the Franchise Agreement specifically excludes goodwill and other intangible assets from LCE's buy-back rights.

## COUNT I

## DECLARATORY RELIEF- RENEWAL/TRANSFER

17. Plaintiff incorporates the paragraphs above as though fully set forth herein.

18. Plaintiff wishes to sell and transfer its franchises to a Rapid City franchisee. The proposed deal is subject to LCE's renewal of Plaintiff's franchise agreements, which LCE refuses to permit.

19. By its express terms, the franchise agreement limits LCE's ability to prevent Plaintiff from renewing the franchise agreements, and subsequently transferring the agreement to an acceptable third party, unless Plaintiff is currently in "default" or has, in the past, been in "substantial default".

5

20. In addition, the provision of the franchise agreement which LCE asserts as justification for non-renewal (XVI.C.) was amended by Article IV(B)(1)(n)(2)(c) of the class action settlement agreement, eliminating past defaults as a basis for non-renewal.

21. LCE asserts the past breach of the covenant not to sue, constitutes a "substantial default", and is thus a legitimate basis for non-renewal. A "substantial default" is not defined by the franchise agreement. The litigation is complete, and Plaintiff is not currently in default. The damages awarded to LCE on its counterclaim were nominal. Plaintiff has therefore never been in "substantial default".

22. In addition to the limitations in the franchise agreements, LCE did not seek as part of its counterclaim the right to terminate Plaintiff's franchise agreements. Instead, LCE sought a substantial amount of money damages, which was rejected by the District Court. LCE sought no other remedy relative to the claimed breach of the covenant not to sue.

23. LCE's right to terminate, or refuse renewal, is barred by the doctrine of *res judicata* as such a remedy was not asserted in the litigation. Instead, LCE is stuck with the remedy it pursued to address the claimed breach of the covenant not to sue.

24. Plaintiff requests declaratory relief establishing that: (1) LCE cannot restrict Plaintiff's right to renew (or to transfer its franchises to a third party subject to renewal), as Plaintiff has never been in "substantial default"; or (2) alternatively, that LCE elected money damages as a remedy to address the claimed breach by Plaintiff, and is now barred as a matter of law from claiming some new remedy relative to the same.

## COUNT II
## DECLARATORY RELIEF – NONCOMPETE TERMS

25. Plaintiff incorporates the paragraphs above as though fully set forth herein.

26. LCE has informed Plaintiff's owners that they will not be able to engage in any competitive acts for a period of two years after the franchise agreements expire.

27. The addendum to the Plaintiff's franchise agreements specifically voids such restrictions.

28. In addition, SDCL 53-9-1 *et. seq.* further expresses South Dakota's public policy on covenants in restraint of trade. Plaintiff's franchise agreements, to the extent they contain a two year noncompete, constitutes an unlawful restraint of trade, and is void to that extent. *See* SDCL 53-9-9 through 53-9-11.

29. Plaintiff seeks declaratory relief establishing that section XVII.C(3)(a) of the Franchise Agreement is void under South Dakota law, and otherwise subject to the acknowledgment set forth in the addendum to the franchise agreement.

## COUNT III
## DECLARATORY RELIEF – RIGHT OF FIRST REFUSAL TO RESTAURANT EQUIPMENT

30. Plaintiff incorporates the paragraphs above as though fully set forth herein.

31. Plaintiff owns a number of assets, including pizza ovens, walk-in coolers, and other restaurant equipment that is not unique to the LITTLE CAESAR system.

32. In the event that Count I of this Complaint is denied and Plaintiff is not entitled to renew its franchise agreements, Plaintiff requests alternative declaratory relief limiting LCE's right of first refusal to purchase only those assets owned by Plaintiff which are "unique" to the LITTLE CAESAR system. Plaintiff seeks further clarification in the judgment that the assets unique to the LITTLE CAESAR system do not include Plaintiff's pizza ovens, hoods, walk-in coolers, warmers, and other generic equipment and leasehold improvements.

WHEREFORE, Plaintiff prays for relief as follows:

A. For declaratory relief determining as a matter of law that:

(1) LCE cannot refuse to renew Plaintiff's franchise agreements because (a) the key portions of Article XVI.C, were deleted by the settlement terms of the *Hodgkiss* class action; (b) Plaintiff has never been in substantial default, and (c) LCE has already elected a remedy relative to the claimed default;

(2) declaring the non-compete provisions of the franchise agreements void as violating South Dakota public policy, and otherwise as being inconsistent with the addendum to the franchise agreement; and

(3) declaring LCE's right to purchase Plaintiff's assets as being limited to those specific assets that are unique to the LITTLE CAESAR system;

B. For injunctive relief permitting Plaintiff Pizza to continue operating the Little Caesar franchises in Sioux Falls until such time as the Court makes a final determination on the aforesaid issues;

C. For such costs and disbursements so taxable; and

D. For such other and further relief as the Court deems just and equitable in this action.

Dated this 5th day of May, 2011.

CADWELL SANFORD DEIBERT & GARRY, LLP

/s/ Shawn M. Nichols
Shawn M. Nichols
200 East 10th Street, Suite 200
PO Box 2498
Sioux Falls, SD 57101-2498
(605) 336-0828
snichols@cadlaw.com
Attorneys for Plaintiff